# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Deoleo S.A., Deoleo, USA, Inc., and Carapelli Firenze S.P.A., <br><br> Plaintiffs, <br><br> v. <br><br> InnoVision Health Media, Inc. d/b/a Natural Solutions Magazine, <br><br> Defendant. | Case No. 18-cv-422 (TNL) <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

This matter is before the Court on the parties' Joint Stipulation for Entry of Consent Judgment and Permanent Injunction. (ECF No. 28). Based on the stipulation of the parties, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. Defendant InnoVision Health Media, Inc. owns and operates the Natural Solutions Magazine Facebook page, and on that page it posted on February 11, 2017 a link to an article published on organichealthcorner.com entitled, "The 14 Fake Olive Oil Companies Are Revealed Now – Avoid These Brands," and on July 20, 2017, a link to a video shared by the page "Make Your Life Healthier" (collectively the "Fake Oil Media").

4. InnoVision subsequently learned that the Fake Oil Media that it posted was false and misleading, including insofar as they suggested that any of the Deoleo brands

1

offered or offer olive oil that is adulterated, "cut," or "fake" in any way (the "False Statements").

5. InnoVision then ceased publication of the Fake Oil Media, and does not intend to repost or republish the Fake Oil Media or any stories containing the False Statements.

6. InnoVision stipulates that it received no compensation, directly or indirectly, as a result of its posting the Fake Oil Media from any trade organization, manufacturer, or other entity affiliated with the production or sale of olive oil.

7. InnoVision stipulates that it is not aware of any connection between the entities that provided the Fake Oil Media to InnoVision and any trade organization, manufacturer, or other entity affiliated with the production or sale of olive oil.

8. InnoVision stipulates that, other than the Fake Oil Media, it is not aware of having ever published the False Statements.

9. Defendant, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant are permanently **enjoined and restrained** from directly or indirectly publishing the Fake Oil Media, as well as any material that falsely or misleadingly suggests that any of the products offered by Deoleo, or any of its affiliates, is adulterated, "cut," or "fake" in any way.

10. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

11. If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

12. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

13. The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

14. This matter is hereby **DISMISSED WITH PREJUDICE.**

Date: November 15, 2018
          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Deleo S.A., et al. v. InnoVision Health Media, Inc.*
No. 18-cv-422 (TNL)